United States Court of Appeals for the Ninth Circuit is now in session. Good afternoon. Welcome to the Ninth Circuit. And Judge Gould and I are very happy to have with us this afternoon Judge Donald Malloy from the District of Montana who has sat with us on a number of occasions and we're happy to have him back. This afternoon the case for argument will be Singh v. Garland and you may proceed. Thank you, Your Honors. Good afternoon. May it please the Court. My name is Saad Ahmed and I represent Petitioner Inder Singh in this petition for review from a decision of the Board of Immigration Appeals denying Mr. Singh's motion to reopen and rescind an in absentia order. With the permission of the Court, I would like to reserve three minutes for rebuttal. You may do that. You have a clock there and then I'll also try to help you as well. I appreciate that, Your Honor. This petition for review should be granted for two separate reasons. First, Mr. Singh's notice failed to comply with the statutory requirements. And second, the agency failed to give reasoned consideration to Mr. Singh's argument that exceptional circumstances warranted reopening of his in absentia order. Mr. Singh did not receive notice in accordance with Section 239A1 because the notice to appear did not contain the time and place of the proceedings. And this defect was not cured by a subsequent hearing notice. A motion to reopen can be filed at any time if the alien did not receive notice in accordance with Paragraph 1 or 2 of Section 239A of the Immigration and Nationality Act. Paragraph 1 of Section 239A requires that a notice to appear must contain the time and place of the hearing. And Paragraph 2 of Section 239A requires that the government – it requires the government to provide notice to the alien when there is a subsequent change in the time and place of the hearing. The statutory text of Section 239A2 presumes that the alien was served with a fully compliant notice to appear that contained time and place of the hearing. Otherwise, the heading and language of Paragraph 2 would not say that it is notice of change in time or place of the hearing. Thus, for notice under Section 239A2 to be valid, notice under Section 239A must also be valid. In other words, government cannot provide a valid notice under Section 239A2 unless the notice to appear fully complied with all the statutory requirements. This result is compelled by the text and the structure of the statute and the Supreme Court's recent opinions in Pereira v. Barr and Ms. Chavez v. Garland. Moreover, recently the United States Court of Appeals for the Fifth Circuit held that a defective notice to appear was grounds for rescinding an in absentia order. Even if this court were to conclude, as the government urges, that a valid notice under the statute can be provided either through a notice to appear or through a subsequent hearing notice, the plain text of the in absentia provision would allow Mr. Singh to rescind the in absentia order. The statute is written in the disjunctive, which means that an alien has to only show that he did not receive notice under either Paragraph 1 or Paragraph 2 of Section 239. And we believe that, therefore, Mr. Singh has shown that his in absentia order was not valid under the text of the statute. With respect to Mr. Singh's alternative argument that the BIA did not give recent consideration to his argument that exceptional circumstances warranted reopening of his case, I would say that the BIA was required to consider an argument raised in a motion to reopen under this court's precedent, and the BIA here failed to do so. Mr. Singh's argument here was not that exceptional circumstances prevented him from coming to court. His argument was that exceptional circumstances were present in this case, even if his failure to appear in court was due to unexceptional circumstances. This court's precedent allows reopening under the totality of the circumstances when a non-citizen has no motive for failing to appear for a hearing, and the in absentia order would cause an unconscionable result. Mr. Singh explained in great detail in his motion why he missed his hearing date and provided documentary evidence. He provided the immigration court with a correct address where he could be reached. He hired a lawyer to represent him. He had a meritorious asylum claim, and there was no evidence that he was trying to evade his responsibility to appear in court. The board's reasoning reflects a lack of understanding of Mr. Singh's argument. The board did not consider any of the above factors under the totality of the circumstances. Instead, the board's decision reiterated more than once that exceptional circumstances did not prevent Mr. Singh from attending this hearing. Again, Mr. Singh was not claiming that exceptional circumstances beyond his control prevented him from coming to court. Rather, he was arguing that reopening was warranted under the totality of the circumstances based on the various factors that this court has found in other cases, including unconscionable results of deporting someone with valid grounds for relief. This court cannot meaningfully review a BIA decision without adequate reasoning by the board. Principles of administrative law requires this court to affirm or deny an agency decision based on the grounds relied on by the agency. And based on the reasons set forth, we believe that this petition for review should be granted, and this case should be remanded to the board for a new proceeding. Counsel, can I ask you, with the notice to appear, is that a charging document? Yes, Your Honor, it is a charging document. And so what has to be in the notice to appear from your perspective? Well, Your Honor, the statute requires a number of things. The statute requires the charging document to contain the basis for removal, the date and place of the hearing. It requires information about warnings to the alien that if he fails to update his address, he would be ordered to move in absentia. So there are a number of things which the Supreme Court in Pereira and then in this, Chavez, found to be dispositive. So if the notice to appear doesn't comply with the construction of Pereira and Ms. Chavez, does it divest the agency from jurisdiction? Do they still have jurisdiction? Yes, Your Honor, this court's precedent makes clear that the court still has jurisdiction. The subject matter jurisdiction is a separate issue from whether a defective notice to appear would result in an in absentia removal order. So the court does have jurisdiction, but our argument is that a defective notice to appear prevents the immigration judge from entering an in absentia order, as well as it allows the alien to file a motion to reopen based on a defective notice. So if you're correct, well, excuse me. Go ahead, Justice Malauulu. Well, if you're correct, what's the remedy? Does it start over because the notice to appear is not, according to the allegation, comply with Ms. Chavez and or Pereira? So where is the remedy if it goes back? Does it all start over? Yes, Your Honor, the remedy is that it goes back and the petitioner, Mr. Singh, would come to court. And and suppose if the notice does not comply with the statute, another remedy would be for the court. I mean, for the court to terminate the case without prejudice and the DHS can issue a new notice to appear and serve on the petitioner at the last known address. That would be the right way to do things. But the statute does not allow an immigration judge to enter an in absentia order. When the notice to appear requires the statute requires it cross references that the in absentia statute cross references to the provision, Section 239, Section 239 A1 and 2. It cross references it. So therefore, the requirements of the notice to appear are definitional for purposes of that statute. And we believe that in this case, the notice was defective and therefore this court should have should have reopened. Therefore, the immigration judge should have reopened the proceedings after petitioner filed a motion to rescind an in absentia order. Counsel, may I please interject with one short question? If we were to agree with you that the notice to appear was defective. Am I then correct that there would be no need for us to reach and address exceptional circumstances? Yes, thank you, Judge Gould. Absolutely, yes. This court doesn't have to resolve the issue that's not necessary for this court's resolution of this case. We believe that, yes, if the court were to find that the notice was defective, this case goes back to the immigration court for a new hearing. Thank you. Thank you. I just have one point I'd like to hear from you on. There has been some confusion about whether an asylum application was filed with the USCIS. And does your argument today, is it impacted at all by whether or not such an application has or has not been filed or in what venue? Your Honor, no. That issue is not dispositive. That issue was important for purposes of determining whether exceptional circumstances were present in this case for warranting reopening. But that was not a dispositive thing because the issue was not whether he filed the asylum application. The issue was whether his intent was to appear in court, whether he did everything that he could in his power to come to the hearing, and that there was nothing in the record that showed that he was trying to obey his obligations to come to court. For that purposes, it was important, but not for purposes of anything else, Your Honor. Do you want to save the remaining time for rebuttal? Yes, Your Honor. Thank you. All right. I'll hear from Mr. Minnick. Good afternoon. May it please the Court, William Minnick representing the respondent. First, petitioner received proper notice of his hearing. Under the statute and in absentia removal order, may issue after written notice has been provided under Paragraph 1 or 2 of Section 1229, Subsection A. Notice under Paragraph 1 is a notice to appear, and notice under Paragraph 2 is a hearing notice. Here, petitioner received the requisite notice under the in absentia statute because a notice of hearing was sent to the address he provided in compliance with Paragraph 2 of Section 1229A. Ms. Chavez is not to the contrary. First, that decision concerned the meaning of the phrase a notice to appear in the stop time rule, which is triggered upon service of a notice to appear under Section 1229A. The in absentia provisions, however, don't contain the phrase a notice to appear. Second, unlike in Ms. Chavez, notice under Paragraph 1 isn't the only type of notice implicated here. Rather, notice under Paragraph 2 is also sufficient notice under the in absentia provision. Under the in absentia provision, a hearing notice under Paragraph 2 is sufficient on its own to provide the required notice. In addition, the Board reasonably determined that petitioner did not establish exceptional circumstances. Petitioner conceded in his affidavit that the hearing notice was received at the address he provided, but for unknown reason was not timely given to him. This court found in farhood that those circumstances do not constitute exceptional circumstances. Indeed, that is much less compelling than the statutory examples of battery, serious illness, or death. Moreover, the result here is not unconscionable, because unlike the highly unusual circumstances in the 2002 Singh decision, here petitioner did not demonstrate a strong likelihood of relief. Turning to the notice issue. Here, petitioner received the requisite notice under Paragraph 2 of Section 1229A because the notice of hearing was sent to the address he provided. The plain language of the in absentia statute provides that the required notice may be provided either in a notice to appear under Paragraph 1 or in a hearing notice under Paragraph 2. The Sixth Circuit in Santos Santos and the Board in matter of Pena Mejia upheld in absentia orders where the petitioner received a notice to appear that would have been deficient under Pereira because the petitioner later received a hearing notice under Paragraph 2. The Sixth Circuit and the Board both recognized the statute says notice may be provided under Paragraph 1 or under Paragraph 2. And again, Ms. Chavez does not affect the result here. The phrase a notice to appear in the stop time rule does not appear in the in absentia provisions. And second, in the stop time rule, Congress said the only thing that triggers the rule is a notice to appear. But here in the in absentia provisions, Congress said that notice can be accomplished in either of two ways, under Paragraph 1 or under Paragraph 2 of Section 1229A Subsection A. So under the in absentia statute, a hearing notice under Paragraph 2 is sufficient on its own to provide the required notice. And in that regard, the Fifth Circuit's Rodriguez case is wrongly decided. The government filed a rehearing petition in Rodriguez last Friday. The court's decision in Rodriguez didn't discuss Paragraph 2 at all. It held that Rodriguez could not be ordered removed in absentia because the combined notice to appear and notice of hearing did not constitute sufficient notice under Paragraph 1. But it never considered whether he could be ordered removed after receiving the adequate notice under Paragraph 2. Even that oversight is critical because Rodriguez did receive the requisite notice under Paragraph 2 because a hearing notice was sent to his last address. Counsel, is it your position that whether or not Ms. Chavez applies outside of the stop-time rule is that, if I understand your argument, the notice to appear that Justice Gorsuch talked about, only your position, if I'm understanding your argument, only applies in the stop-time context? So the notice to appear for the agency can be one thing or mandated one thing if it's stop-time, but then they can get the two-step process or whatever if it's not a stop-time case? I think that's mostly what we're arguing, Your Honor. We're arguing Ms. Chavez doesn't impact the case here. And the petitioner in this case did not receive a statutorily compliant notice to appear because it was missing the date and time of hearing. So if he had applied for cancellation or removal, the stop-time rule, it would not have triggered the stop-time rule under Pereira and Ms. Chavez. But for here, in an absentia case, the fact that his notice to appear was missing the date and time of hearing information just doesn't impact the end result of the case. We know from this court's decision in Bastide-Hernandez that the court had jurisdiction because that case says that even a statutorily insufficient notice to appear is enough to establish the court's jurisdiction. The only issue here is notice. And unlike in Ms. Chavez, which was talking about the stop-time rule, where he had to get a statutorily compliant notice to appear, here Congress has said in the in absentia provision that notice can be accomplished either under paragraph 1, a notice to appear, which he didn't get here, but it also says notice can be accomplished under paragraph 2, which is a hearing notice, which he did get here. And I do want to clarify that we're not arguing that he received notice under A1 because the notice to appear combined with the hearing notice to give him notice under A1. We're arguing he got notice under A2 because the hearing notice alone by itself, the standalone hearing notice, was sufficient to provide the notice under paragraph 2. Turning to the second issue, the board did not abuse its discretion in finding that Petitioner did not establish exceptional circumstances. Again, he said in his affidavit that the hearing notice was received at the address he provided but for an unknown reason was not given to him. The court in Farhood said that those circumstances do not constitute exceptional circumstances. And indeed, it's much less compelling than the statutory examples of battery, serious illness, or death. Now, he said in his declaration, which the court deemed true, that he thought the notices would go to an attorney he hired. However, according to him in the affidavit, the attorney had asked for $8,500 to file an asylum application, and a motion for change of venue, and represent him in immigration court. And also, according to him, he had only paid the $2,500 retainer but not the balance. And then 10 months later, he paid another $2,500. Was the notice sent to counsel and an attempt to send it to the Petitioner? It seems like the counsel, a couple of days or so before the scheduled hearing, filed a request to withdraw, which the inference is he must have gotten notice. Is that what the facts are? That is not my recollection of the facts, Your Honor. The counsel that he hired in 2017, I'm referring to page 99 of the record now, his declaration, that he paid an attorney in 2017, a $2,500 retainer. There's nothing to indicate that that attorney ever filed an appearance form with the immigration court, which might make sense because according to the documentation we have, he never paid the balance of his fee. The record in this case says that that attorney never filed an appearance form or an asylum application or the motion for change of venue with the immigration court. I'm not sure what you're referring to, Your Honor, when you talk about a notice to withdraw. I have to admit I don't know what you're referring to. Well, go ahead with your argument. I just want to clarify something. Yes, Your Honor. As I understood your argument, you were basically saying you have two options under 1229. You have A-1, which is this notice to appear, and now we have all the Supreme Court law on that. And then you say, and you also have Option 2, which is the notice of change in time or place of proceeding. So, so far, is that, have I basically stated your argument? Yes, Your Honor. Okay, but here's where I'm having some trouble because there it says if you're going to change the date and time of the argument, then you have to give people that notice of hearing. But I'm having some trouble understanding how that in some way supersedes or is viewed as an alternative with no such language to subsection 1. We're relying just on the plain text of the statute. And the particular, I mean, I've been shorthanding it as the in absentia statute for the duration of my argument, but let me be specific. I'm referring to 1229A, subsection B-5, and then big A. Okay. It's section 240 of the Immigration and Nationality Act. Right. So, 1229A and then subsection B-5, big A. The first sentence, yes, yes, ma'am. The first sentence says, after written notice under paragraph 1 or 2 of section 1229, subsection A. So, the plain language of the statute, it's clear and unambiguous. It says under paragraph 1 or 2. So, Congress has said that they are alternatives. The requisite notice can alternatively be provided under paragraph 1 or 2. So, that's what we're relying on for the idea that notice under paragraph A-2 is just as adequate as notice under paragraph A-1. Does that answer your question, Your Honor? It does, but it doesn't really make a lot of sense as a practical matter. But, I mean, I hear what you're saying. I'm reading the words of the statute. Okay. But given where we're left under 1 in the Supreme Court, I'm having trouble now fitting that into this statutory language. So, but I understand your argument. I just wanted to make sure I did understand correctly the argument you're making. I think that you've made it very clear now. Thank you. Thank you, Your Honor. Mr. Minnick, let me interject a question here. Yes, sir. When the board decided its decision, it did not have Ms. Chavez. And also, I think it decided under A-1. But now that you're arguing, okay, we lose on A-1 under Ms. Chavez, but we have this other basis for jurisdiction under A-2. Would it make sense for us to grant the petition and remand so the board can consider the A-2 argument before we do? Your Honor, the way the board decided this, and again, on appeal before the board, and the board's decision was issued before Ms. Chavez, to be clear. But that doesn't matter. And here's why. In this case, the board, in the footnote, the footnote one of the first page of the board's decision, I mean, it noted that the petitioner had withdrawn the argument, but the case the board cited for the reason notice was proper in this case was its decision in matter of Pena-Megia. And if you look at matter of Pena-Megia, in that case, that was an A-2 case. The board said, the board upheld the in absentia order in that case because Pena-Megia had received notice in a hearing notice, so he got adequate notice under A-2. So the board did, you know, decide the notice issue in this case based on A-2 to the extent that it cited Pena-Megia, which in turn is a subsection A-2 hearing notice case. I see I'm out of time. My related question, I'm sure Judge McEwen won't object to a few seconds over time. No, more than seconds. You can have all the time you need. My related question is, notwithstanding the footnote, citing a case that relied on A-2, would it be correct that the board didn't address A-2 in the post-Ms. Chavez context? Well, I mean, just as a matter of chronology, you're correct, Your Honor. Matter of Pena-Megia was issued before Ms. Chavez, so chronologically, you're correct. Although we believe Ms. Chavez doesn't impact the notice under A-2, so we would say Pena-Megia is still good law. Okay, thank you. Yes, sir. Thank you. Thank you, Your Honor. Did you have any concluding remarks? No, we just asked the court to deny the petition. Thank you, Your Honor. Thank you. Chairman? Okay, sorry, Your Honor. Thank you. Your Honor, this court cannot interpret any statutory provision in a way that would render another part of the statute inoperable. As Judge McEwen, you had stated earlier that subsection 2 is inoperable without subsection 1, meaning that subsection clearly says notice of change in time of hearing, which implies that unless the alien was served with a valid notice under subsection 1, subsection 2 cannot even operate. Another strong clue that subsection 2 refers to subsection 1 is the language in 2B, which says that a written notice shall not be required under this paragraph if the alien had failed to provide the address required under paragraph 1F. That refers back to paragraph A, and that is another strong clue that subsection 2 is not operable without subsection 1. So we believe that the statute clearly holds that a notice has to satisfy subsection 1 before subsection 2 comes into play, and therefore we believe that if someone did not receive notice under subsection A1, that the notice is defective. And to answer Judge Gould's question, I believe that a remand is not appropriate because statute is clear and unambiguous. And board's two decisions on this issue, the board also said that they were relying on the clear language of the statute. So therefore, remand would not be an appropriate remedy in this case. We believe that just like the Fifth Circuit held, this case should be remanded to the agency for a new hearing because the statute clearly says that the notice was not proper. If there are no other questions, I will address them. Let me just ask on a more precise question on the remedy. You're saying it should be remanded for a new hearing, although that in some way implies that there is a hearing to be set or has been set. What would be the consequence if the petition were just granted, period? Then what would happen? Then the case would be remanded to the board for instructions to reopen the proceedings and give the petitioner the opportunity to have his case heard. So if the court were to grant this case based on lack of notice, the remedy would be a reopened proceedings, which I think is the appropriate remedy in this case. All right, thank you. I thank both counsel for your argument this afternoon. As you both know, 1229 has had quite a workout in recent years in our court and in the Supreme Court. So we take the case under submission. Thank you for your arguments, and we're adjourned for the afternoon.
judges: McKEOWN, GOULD, Molloy